IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARBARA LANG, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-252-O |
| | § | |
| MICHAEL SMITH, Warden, | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER DISMISSING**
**PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241 and supporting amended brief filed by Petitioner Barbara Lang ("Lang"), a federal prisoner at FMC-Carswell. Am. Pet. 1-10, ECF No. 12; Am. Brief 1-35, ECF No. 13. The Respondent filed a response with an appendix (ECF Nos. 19 and 20), and Lang filed a reply. ECF No. 21. Lang has also filed a supplement to the § 2241 petition. Suppl. 1-6, ECF No. 24.[1] After having considered the pleadings, applicable law and relief sought by Lang, the Court **DISMISSES** the § 2241 petition, as amended for lack of jurisdiction.

**I.      BACKGROUND**

Barbara Lang and her daughter, Faith Blake, ran a pill mill in Tennessee. App. 31 (*United States v. Lang*, No. 15-5997 (Sixth Cir. Oct. 31, 2017), ECF No. 20. After a twenty-six-day trial, a federal jury convicted Lang on twenty-one counts of federal drug and money-laundering charges. *Id.* at 31-32, ECF No. 20. After the guilty conviction, the district court imposed a 280-

---

[1] Petitioner Lang filed a motion to supplement the § 2241 petition. The Court **GRANTS** that motion (ECF No. 24) to the extent the Court has reviewed the supplemental arguments raised therein.

1

year sentence. App. 22- 25, August 27, 2015 Judgment, *United States v. Lang*, No.1:12-cr-104-02 CLC-CHS, ECF No. 20. Lang appealed her sentence to the Sixth Circuit making several evidentiary arguments and alleging her sentence was unlawful. App. pp. 31-68 (*United States v. Lang*, No. 15-5997 (Sixth Cir. Oct. 31, 2017), ECF 20. The Sixth Court affirmed her conviction. *Id.* 68. Lang never filed a motion to vacate her conviction or sentence under 28 U.S.C. § 2255. In March 2023, Lang and her co-defendant daughter, Faith Blake, jointly filed a voluminous § 2241 petition in case number 4:23-cv-238-O. Pet. 1-577 (No. 4:23-cv-238-O), ECF No. 1. The Court then severed out the claims of Barbara Lang into this case number 4:23-cv-252-O. After the Court issued a deficiency order, Lang filed an amended § 2241 petition and amended brief. Am. Pet., ECF No. 12; Am. Brief, ECF No. 13. Lang's claims for relief under § 2241 are reviewed separately in this case.

## II.   ANALYSIS

### A.   Prior Fifth Circuit Standard for Invoking the § 2255(e) Savings Clause

A petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 motion is the proper means of attacking errors that occurred at or before sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). By contrast, a § 2241 petition is available for attacking the manner in which a sentence is executed (e.g., for attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody). *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition that challenges the validity of a federal conviction and sentence, therefore,

generally must either be dismissed of construed as a § 2255 motion.

Notwithstanding this general rule, a "saving clause" within § 2255(e) permits the use of a § 2241 petition to challenge the validity of a sentence in certain limited circumstances. That provision states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the Court may consider a § 2241 petition attacking a sentence's validity only if the petitioner establishes that the remedy under a § 2255 motion is "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878; *see also Pack*, 218 F.3d at 452 (explaining that the petitioner has the burden to show that the section 2255 remedy is inadequate or ineffective so as to trigger the savings clause).

The bar against filing successive § 2255 motions does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver*, 211 F.3d at 878. Nor does the fact that a petitioner who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Loredo v. Joslin*, No. 3:04-cv-2070-N, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004), *rep. and rec. adopted*, 2004 WL 2600502 (N.D. Tex. Nov. 12, 2004). Instead, the Fifth Circuit previously held that the savings clause of § 2255(e) applies to a claim only if:

> (1) the [§ 2241] petition raises a claim "that is based on a retroactively applicable Supreme Court decision";
>
> (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and

3

(3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001))). The June 2023 decision of the Supreme Court in *Jones v Hendrix*, 599 U.S. 465 (2023), significantly changed the landscape for petitioners seeking to bring a § 2241 petition via the savings clause of § 2255(e), as explained below.

When a petitioner cannot satisfy the savings clause, the proper disposition is a dismissal of the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, No. 4:16-cv-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

### B. Application of *Jones v. Hendrix* to Reject Lang's Savings Clause Claims

In the *Jones* case, the Supreme Court recognized that "several Courts of Appeals found a workaround for those prisoners in the savings clause." *Id.* at 477. The Court determined that many circuits "[w]ith minor differences in reasoning and wording . . . held that § 2255 was 'inadequate and ineffective' under the saving clause—and that § 2241 was therefore available— when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion." *See Jones*, 599 U.S. at 477 (citing decisions from numerous circuits including *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), as an example of such case law). The Supreme Court disapproved of these other approaches and instead crafted a more narrow reading of when a savings clause

attack on a conviction or sentence is allowed. *See Id.* ("We now hold that the savings clause does not authorize such an end-run around AEDPA.")

In *Jones*, the Supreme Court also recognized that:

> Congress enumerated two— and only two— conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied . . ..
>
> Even more directly, § 2255(h)(2)'s authorization of a successive collateral attack based on new rules 'of *constitutional* law' implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law. Had Congress wished to omit the work 'constitutional,' it easily could have done so.

*Id.* at 478. The Court noted that those two conditions are:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense: or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* at 476.

The *Jones v. Hendrix* opinion further explained that as to those challenges that fall outside of § 2255(h)—including challenges under § 2255(e)—that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." *Id*. at 480. A prisoner such as Lang "asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition" may not proceed under the saving clause.

Lang argues that she is entitled to relief in this proceeding as a result of the Supreme

Court's intervening decision in *Ruan v. United States*, 597 U.S. 450 (2022). Reply 4, ECF No. 21; Supplement 2-4, ECF No. 24.  In that case, the Supreme Court determined that, to convict a medical professional under 21 U.S.C. § 841 for dispensing controlled substances not "as authorized," "[a]fter a defendant produces evidence that he or she was authorized to dispense controlled substances, the government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner, or intended to do so." *Ruan*, 597 U.S. at 454.  But this Court cannot reach the merits of Lang's *Ruan*-based argument. That is because "*Ruan*–an intervening change in statutory interpretation–no longer qualifies for the savings clause is § 2255(e) following the Supreme Court's decision in *Jones v. Hendrix*." See *Martinez v. United States*, No.4:23-cv-0154, 2023 WL 5655533, at *3 (M.D. Pa. Aug. 31, 2023) (citing *Jones*, 599 U.S. at 470-71). Several other courts have recognized that the *Ruan* decision, as in intervening change in statutory interpretation, is not a basis to invoke the savings clause. *See Okechuku v. Salmonson*, No. 5:22-cv-135, 2023 WL 5519362, at * 11 (E.D. Tex. Aug. 1, 2023), *rep and rec adopted*, 2023 WL 5510281 (E.D. Tex. Aug. 25, 2023) (recognizing that Petitioner's reliance on *Ruan* fails to trigger the savings clause of § 2255 under *Jones*, 599 U.S. at 565); *Dixon v. Knight*, Civ. No. 23-1764 (RMB), 2023 WL 4366261, at *1 (D. N.J. Jul. 6, 2023)(holding that *Jones* precludes jurisdiction under § 2241 of Petitioner's [*Ruan* based claim]); *Givens v. Trate*, No. 1:23-cv-0954-SKO (HC), 2023 WL 43006266, at *3 (E.D. Cal. Jun. 30, 2023), *rep and rec adopted*, 2023 WL 5207628 (E.D. Cal. Aug. 14, 2023) (Petitioner's claim that the government failed to prove the *mens rea* component of his § 841 conviction . . . "is now foreclosed by the Supreme Court's decision in *Jones*.")

Applying this law to the instant case, Lang cannot use § 2255(e) and § 2241 to attempt to

collaterally attach her convictions based on *Ruan's* intervening change in statutory interpretation. Thus, Lang can only obtain relief if she relies on either newly discovered evidence of actual innocence or a new rule of constitutional law. *Jones*, 143 S. Ct. at 469.

In support of her § 2241 petition in this matter Lang recites extensive and voluminous briefing in support of the following claims: outrageous government conduct; errors in Grand Jury proceedings that warranted dismissal of the indictment; entrapment; perjury in affidavits; prosecutorial misconduct; defective search warrant; improper charge as multiplicious counts; and multiple sentencing challenges. Am. Brief 1-34, ECF No. 13. But Lang fails to show in her § 2241 amended petition or amended brief, that the § 2255 savings clause allows her to now bring these challenges to her conviction through a § 2241 petition.

Rather, Lang's attempt to proceed under § 2241 fails at the threshold because in none of these multiple grounds does she present newly discovered evidence that she is actually innocent. Additionally, Lang fails to identify any new rule of constitutional law retroactively applicable to her case. For these reasons, Lang has not shown she is entitlement to proceed through a § 2241 petition. *See Jones*, 599 U.S. at 469-79.

In sum, Lang fails to demonstrate any entitlement to relief and fails to show that a § 2255 remedy was "inadequate or ineffective" within the meaning of applicable precedent so as to allow her claims to proceed with a § 2241 petition under the savings clause. Lang's claims must fail as not based on newly discovered evidence or a new rule of constitutional law. As a result, Lang's § 2241 petition must be dismissed for lack of jurisdiction. *See Christopher*, 342 F.3d at 385 (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

## III.     CONCLUSION and ORDER

Accordingly, it is **ORDERED** that Barbara Lang's § 2241 petition for relief under 28 U.S.C. § 2241, as amended, is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **27th** day of **February, 2024.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**